IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| ███ , <br><br>             Plaintiff, <br><br> v. <br><br> The Corporations, Partnerships, and Unincorporated Associations Identified on Schedule "A", <br><br>             Defendants. | Case No. 1 :25-cv-01948 <br><br> **FILED UNDER SEAL PURSUANT TO LOCAL CIVIL RULE 5.2** <br><br> **COMPLAINT** |

## COMPLAINT

### FILED UNDER SEAL PURSUANT TO LOCAL CIVIL RULE 5.2

Plaintiff ███ (hereinafter, "Plaintiff") hereby brings the present action against Corporations, Partnerships, and Unincorporated Associations identified on **Schedule A** attached hereto (hereinafter, collectively "Defendants") and alleges as follows:

### I. INTRODUCTION

1. Plaintiff brings this action against the Defendants for the alleged infringement of Plaintiff's intellectual property rights. These claims arise under infringement of Plaintiff's registered Copyright (hereinafter, the "Asserted Copyright"). Defendants operates an e-commerce store on the Amazon.com and uses that store to market, distribute, offer for sale, and sell infringing products, that looks almost identical to the products sold by Plaintiff. Plaintiff alleges that Defendants' actions constitute an infringement upon Plaintiff' s Asserted Copyright.

### II. PARTIES

███ Plaintiff is an individual residing in China. Plaintiff operates an online e-commerce shop on Amazon Plaintiff's shop is engaged in the business of marketing,

distributing, and selling crocket products globally, including within the Western District of Texas. Specifically, Plaintiff's products include ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ("Plaintiff's Products"). Directly at dispute in the present case are a series of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and the ▮▮▮▮▮▮▮▮ featuring the following: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

3. Plaintiff is the owner of the registered copyright in a group of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ registered with the United States Copyright Office under Registration ▮▮▮▮▮▮▮▮ with an effective date of registration of ▮▮▮▮▮▮▮▮. A true and accurate copy of the copyright registration certificate is attached as **Exhibit 1**.

4. Defendants are various companies that operate an Amazon or other e-commerce storefront under various fictitious names or aliases. Defendants sell products that are similar to Plaintiff's Products and infringing upon Plaintiff's copyright (hereinafter, "Infringing Products"). Defendants' aliases are identified on Schedule A. Defendants' products are identified via the ASINS and seller ID on Schedule A.

5. The true names, identities, and addresses of Defendants are currently unknown and unverifiable due to the nature of their online operations. Certain aliases under which Defendants operate their e-commerce stores are not linked or associated with the true names of the Defendants. The reason why these Aliases are not connected with the true names of the Defendants is that Defendants employed such tactics to conceal their identities and the true scope of their operation. Plaintiff pleads with the Court that further discovery is allowed for Plaintiff to obtain such information regarding Defendants' true identities. Once Plaintiff obtains such information, Plaintiff will amend the Complaint accordingly.

6. Defendants conduct their illegal operations through a fully interactive commercial storefronts hosted on e-commerce platforms including Amazon.com (hereinafter, the "Infringing Storefronts"). Defendants target consumers in the United

States, including the State of Texas, and have offered to sell and, on information and belief, has sold and continues to sell Infringing Products to consumers within the United States, including the State of Texas and the Eastern District of Illinois. Defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b).

### III. NATURE OF THE ACTION

7. This is a civil action for copyright infringement under the laws of the United States, 17 U.S.C. § 501 *et seq*.

### IV. JURISDICTION AND VENUE

8. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the 28 U.S.C. §§1331 and 1338(a).

9. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400(a) because Defendants are an entity subject to personal jurisdiction in this District. Defendants directly target business activities toward consumers in the United States, including Texas, through its fully interactive Amazon storefront, and has offered for sale and, on information and belief, has sold and continues to sell infringing products to consumers in this District.

### V. GENERAL FACTS

10. In 2024, Plaintiff applied for a copyright registration for a group of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Plaintiff's own team designed and developed ▮▮▮▮▮▮▮▮▮▮▮▮, including drafting the design, arranging for ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Plaintiff's own team spent and invested tremendous amounts of time, energy and money on the design of these ▮▮▮▮▮. These Infringing Products do not just hurt Plaintiff's business reputation but also cause significant damage to Plaintiff.

11. Plaintiff is the owner of all rights, title, and interest in and to U.S. Copyright ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ The Copyright was duly filed and registered in ▮▮▮ with the United States Copyright Office, with an effective date of ▮▮▮▮▮▮▮▮. The

Asserted Copyright is valid, subsisting, and enforceable, and protects the original artistic expression embodied in Plaintiff's tableware design.

12. Since that time, Plaintiff has continuously used the Asserted Copyright in connection with related tableware products. Plaintiff owns and uses the design as part of its copyrighted works and has consistently asserted its rights in this design since the registration date.

13. Plaintiff has distributed and sold tableware bearing the design in commerce in the United States since a decade ago, and has established reputation associated with the copyright and its products.

14. The average rating of Plaintiff's Product is not less than 4.7 out of 5, demonstrating its popularity in the marketplace and the high level of customer satisfaction.

15. As a result of Plaintiff's use, promotion, and marketing of its products, featuring the unique design, together with substantial sales of those products, Plaintiff has established considerable goodwill in its copyrighted work, which serves as a valuable and recognizable source identifier for Plaintiff's products.

16. Plaintiff is engaged in the business of marketing, distributing, and selling its products throughout the world, including within the Western District of Texas.

17. Recently, Plaintiff discovered that Defendants were and are still operating a fully interactive and active e-commerce storefront on Amazon, through which it was promoting, advertising, marketing, distributing, offering for sale, and selling products using Plaintiff's Asserted Copyright without authorization.

18. The Asserted Copyright has never been assigned or licensed to the Defendants in this matter.

19. Defendants have had full knowledge of Plaintiff's ownership of the Asserted Copyright, including its exclusive right to use and license such intellectual property.

20. Defendants have targeted sales to Illinois residents by setting up and operating an e-commerce storefront on Amazon that targets United States consumers, offers shipping to the United States, including Illinois, accepts payment in U.S. dollars

and funds from U.S. bank accounts, and, on information and belief, has sold Infringing Products to residents of Texas.

21. Defendants knowingly and willfully import, distribute, offer for sale, and sell Infringing Products through its Amazon storefront. Without any authorization or license from Plaintiff, Defendants have knowingly and willfully offered for sale, sold, and imported into the United States for resale or use the same product that directly and indirectly infringes Plaintiff's Asserted Copyright. Defendants' Amazon storefront offers shipping to the United States, including Texas

22. Defendants' Infringing Products are substantially similar to Plaintiff's Product, and the unauthorized copying is apparent. The image of Asserted Copyright, Defendants' Infringing Product are attached hereto as **Exhibit 2**.

23. Without Plaintiff's authorization, Defendants have copied, reproduced, and publicly displayed designs that are substantially similar to Plaintiff's original design. These designs appear on the products sold in Defendants' Amazon storefront and are used in digital images for product marketing and promotion. ████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████ and Plaintiff's copyrighted work indicate direct copying rather than independent creation.

24. Defendants' sales of infringing copies of Plaintiff's Products violate Plaintiff's intellectual property rights and are causing irreparable harm to Plaintiff.

25. Defendants' infringing conduct is willful and intentional, undertaken with knowledge of Plaintiff's rights, and has caused Plaintiff to suffer irreparable harm.

## COUNT I

## DIRECT COPYRIGHT INFRINGEMENT

**(17 .S.C. § 501 et seq.)**

26. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

27. The ████████████████ and ████████████████████████ is

the original and creative works in which Plaintiff own a valid copyright duly registered with the United States Copyright Office.

28. Plaintiff is the owner of the Asserted Copyright. The registered works includes the original and creative patterns that embodies unique ornamental features and artistic expression.

29. The Asserted Copyright is valid and enforceable. Plaintiff has not granted Defendants any license or authorization to copy, reproduce, distribute, or publicly display any of the copyrighted works registered under the Asserted Copyright.

30. Without Plaintiff's permission or authorization, and in willful violation of Plaintiff's exclusive rights under 17 U.S.C. § 106, Defendants have unlawfully copied, distributed, reproduced, and publicly displayed visual designs that are substantially similar to Plaintiff's registered works thereby violating one of Plaintiff's exclusive rights in its copyright.

31. The infringing designs appear on products that unlawfully incorporate ornamental elements copied from Plaintiff's works sold by Defendants in the e-commerce store operated by Defendants.

32. Defendants' conduct constitutes willful copyright infringement pursuant to 17 U.S.C. § 501 *et seq*.

33. Defendants have willfully and deliberately infringed the Asserted Copyright. Defendants' infringement of the Asserted Copyright is obvious, notorious, purposeful, and carried out in disregard of and with indifference to Plaintiff's rights. Defendants have no good faith basis to claim that the Unauthorized Products do not infringe the Asserted Copyright. Such willful infringement, undertaken without regard to Plaintiff's copyright rights, constitutes egregious and wanton conduct sufficient to establish willful infringement within the meaning of 17 U.S.C. § 504.

34. As a result of Defendants' infringement of Plaintiff's exclusive rights under Title 17 of the U.S. Code, Plaintiff is entitled to recover actual damages and Defendants' profits attributable to the infringement pursuant to 17 U.S.C. § 504.

35. In addition, the Court may, in its discretion, award Plaintiff the full costs of this action, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

36. Plaintiff is further entitled to injunctive relief to prevent or restrain further infringement of the Asserted Copyright pursuant to 17 U.S.C. § 502.

## JURY DEMAND

37. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. A judgment against Defendants as to infringement of the claims of Asserted Copyright.

2. An order enjoining Defendants, the officers, agents, employees, affiliates, and all persons acting in concert with them from further acts of infringement of the Asserted Copyright, including but not limited to making, using, selling, offering to sell, importing, copying, displaying, or distributing the infringing products or works;

3. An order directing Amazon to disable and remove any listings, advertisements, or sales channels operated by Defendants in connection with the infringing products;

4. An order requiring Defendants to file a written report under oath, within ten (10) days of judgment, detailing the manner and form in which Defendants have complied with the injunction;

5. An award of damages adequate to compensate Plaintiff for Defendants' infringement of the Asserted Copyright, including actual damages, a reasonable royalty, and disgorgement of profits attributable to the infringement, in amounts to be proven at trial;

6. An award of statutory damages for willful copyright infringement in an amount up to $150,000 per infringed work, pursuant to 17 U.S.C. § 504(c)(2);

7. An award of Plaintiff's reasonable attorneys' fees and costs pursuant to 17 U.S.C. § 505;

8. An award of pre- and post-judgment interest as permitted by law;

9. Such other and further relief as the Court may deem just and proper.

Dated: December 1, 2025

*Marjorie Ouyang*

Respectfully submitted
By: /s/ *Marjorie Ouyang*
One Park Plaza, #600
Irvine, CA 92614
Marjorie.Ouyang@valleysummitlaw.com
*Attorney for Plaintiff*