## IN THE UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF TEXAS

████████████████

,

　　　　　Plaintiff,

v.

The Corporations, Partnerships, and
Unincorporated Associations
Identified on Schedule "A",


　　　　　Defendants.

Case No. 1:25-cv-01948

**FILED UNDER SEAL PURSUANT TO
LOCAL CIVIL RULE 5.2**

**FIRST AMENDED COMPLAINT**

## FIRST AMENDED COMPLAINT

## FILED UNDER SEAL PURSUANT TO LOCAL CIVIL RULE 5.2

Plaintiff ████████ hereinafter, "Plaintiff") hereby files this First Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a). This First Amended Complaint supplements and replaces the original Complaint filed in this action.

## I. INTRODUCTION

1.　Plaintiff brings this action against the Defendants for the alleged infringement of Plaintiff's intellectual property rights. These claims arise under infringement of Plaintiff's registered Copyright (hereinafter, the "Asserted Copyright"). Defendants operate an e-commerce store on ████████ and use that store to market, distribute, offer for sale, and sell infringing products that look almost identical to the copyrighted works protected by the Asserted Copyright, without Plaintiff's authorization.　Defendants' conduct constitutes infringement of Plaintiff's exclusive rights under 17 U.S.C. §§ 501.

## II. PARTIES

2.　Plaintiff ████████ is an individual and the sole owner of the Asserted

Copyright. ████████████████████████████████████████

████████████████████████████████████████████████ .

    3.     Plaintiff ██ is the owner of the registered copyright ██████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████ . A true and correct copy of the copyright

registration certificate is attached hereto as Exhibit 1.

    4.     Defendants are various companies that operate ██████ or other e-

commerce storefronts under multiple fictitious names or aliases. Defendants market,

offer for sale, and sell products that unlawfully copy, reproduce, or embody Plaintiff's

copyrighted works protected by the Asserted Copyright (the "Infringing Products").

Defendants' aliases are identified on Schedule A. The infringing products are further

identified by their ASINs and seller IDs on Schedule A.

    5.     The true names, identities, and addresses of Defendants are currently

unknown and unverifiable due to the nature of their online operations. Certain aliases

under which Defendants operate their e-commerce stores are not linked or associated

with the true names of the Defendants. The reason why these Aliases are not connected

with the true names of the Defendants is that the Defendants employed such tactics to

conceal their identities and the true scope of their operation. Plaintiff pleads with the

Court that further discovery is allowed for Plaintiff to obtain such information regarding

Defendants' true identities. Once Plaintiff obtains such information, Plaintiff will amend

the Complaint accordingly.

    6.     Defendants conduct their illegal operations through fully interactive

commercial storefronts hosted on e-commerce platforms, including ██████

(hereinafter, the "Infringing Storefronts"). Defendants target consumers in the United

States, including the State of Texas, and have offered to sell and, on information and

belief, has sold and continues to sell Infringing Products to consumers within the United

States, including the State of Texas. Defendants have the capacity to be sued pursuant to

Federal Rule of Civil Procedure 17(b).

### III. NATURE OF THE ACTION

7.    This is a civil action for copyright infringement under the laws of the United States, 17 U.S.C. § 501 *et seq*.

### IV. JURISDICTION AND VENUE

8.    This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the 28 U.S.C. §§1331 and 1338(a).

9.    Venue is proper in this District under 28 U.S.C. §§ 1391(b) and 1400(a) because a substantial part of the events giving rise to the claims occurred in this District. Defendants operate fully interactive ██████ storefronts that target consumers in Texas, including the Western District of Texas, and have offered to sell—and on information and belief, have sold—infringing products to residents of this District.

### V. GENERAL FACTS

10.    ████████████████████████████████████████████████ ███████████████ Plaintiff independently conceived, designed, and created the copyrighted works, reflecting original artistic expression embodied██████████ ████████████████. Plaintiff invested substantial time, effort, and resources in developing the creative designs and visual expression reflected in the copyrighted works. Defendants' infringing conduct has caused significant harm to Plaintiff.

11.    Plaintiff is the owner of all rights, title, and interest in and to ███████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ███████████████████████████████████████████████████. The Asserted Copyright is valid, subsisting, and enforceable, and protects the original artistic expression embodied in Plaintiff's design of the patterns of the crochet dolls.

12.    Since that time, Plaintiff has continuously used the Asserted Copyright in connection with related products. Plaintiff owns and uses the design as part of its copyrighted works and has consistently asserted its rights in this design since the registration date.

13.    Plaintiff has distributed and sold ███ products bearing the design in commerce in the United States for several years, and has established a reputation associated with the copyright and its products.

14.    The average rating of Plaintiff's Product is not less than 4.7 out of 5, demonstrating its popularity in the marketplace and the high level of customer satisfaction.

15.    As a result of Plaintiff's use, promotion, and marketing of its products, featuring the unique design, together with substantial sales of those products, Plaintiff has established considerable goodwill in its copyrighted work, which serves as a valuable and recognizable source identifier for Plaintiff's products.

16.    Plaintiff is engaged in the business of marketing, distributing, and selling its products throughout the world, including within the Western District of Texas.

17.    Recently, Plaintiff discovered that Defendants were and are still operating a fully interactive and active e-commerce storefront on ███, through which it was promoting, advertising, marketing, distributing, offering for sale, and selling products using Plaintiff's Asserted Copyright without authorization.

18.    The Asserted Copyright has never been assigned or licensed to the Defendants in this matter.

19.    Defendants have had full knowledge of Plaintiff's ownership of the Asserted Copyright, including its exclusive right to use and license such intellectual property.

20.    Defendants have targeted sales to Texas residents by setting up and operating an e-commerce storefront on ███ that targets United States consumers, offers shipping to the United States, including Texas, accepts payment in U.S. dollars and funds from U.S. bank accounts, and, on information and belief, has sold Infringing Products to residents of Texas.

21.    Defendants knowingly and willfully import, distribute, offer for sale, and sell Infringing Products through its ███ storefront. Without any authorization or license from Plaintiff, Defendants have knowingly and willfully offered for sale, sold, and imported into the United States for resale or use the same product that directly and

indirectly infringes Plaintiff's Asserted Copyright. Defendants' ███████ storefront offers shipping to the United States, including Texas

22.   Defendants' Infringing Products are substantially similar to Plaintiff's copyrighted work, and the unauthorized copying is apparent.

23.   Without Plaintiff's authorization, Defendants have copied, reproduced, and publicly displayed designs that are substantially similar to Plaintiff's original design. These designs appear on the products sold in Defendants' ███████ storefront and are used in digital images for product marketing and promotion. The copied elements include the ████████████████████████████████████████████ ████████████████████████████████████████████ ████████████████████████████████████████████ ████████████████████████████████ d Plaintiff's copyrighted work indicate direct copying rather than independent creation.

24.   Defendants' sales of infringing copies of Plaintiff's copyrighted work violate Plaintiff's intellectual property rights and are causing irreparable harm to Plaintiff.

25.   Defendants' infringing conduct is willful and intentional, undertaken with knowledge of Plaintiff's rights, and has caused Plaintiff to suffer irreparable harm.

## COUNT I
## DIRECT COPYRIGHT INFRINGEMENT
### (17 U.S.C. § 501 et seq.)

26.   Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

27.   The ████████████████████████████████████████ ████████████████████████ ch Plaintiff owns a valid copyright duly registered with the United States Copyright Office.

28.   Plaintiff ███ is the owner of the Asserted Copyright. The registered works include  original ████████████████████████████████████████ ████████████████████████████████████████████

███████████████████████. The Asserted Copyright is valid and enforceable. Plaintiff has not granted Defendants any license or authorization to copy, reproduce, distribute, or publicly display any of the copyrighted works registered under the Asserted Copyright.

29.    Without Plaintiff's permission or authorization, and in willful violation of Plaintiff's exclusive rights under 17 U.S.C. § 106, Defendants have unlawfully copied, distributed, reproduced, and publicly displayed visual designs that are substantially similar to Plaintiff's registered works, thereby violating one of Plaintiff's exclusive rights in its copyright.

30.    The ████████████████████████ that unlawfully incorporate ornamental elements copied from Plaintiff's copyrighted works and are sold by Defendants through e-commerce storefronts operated by Defendants.

31.    Defendants' conduct constitutes willful copyright infringement pursuant to 17 U.S.C. § 501 *et seq*.

32.    Defendants have willfully and deliberately infringed the Asserted Copyright. Defendants' infringement of the Asserted Copyright is obvious, notorious, purposeful, and carried out in disregard of and with indifference to Plaintiff's rights. Defendants have no good faith basis to claim that the Unauthorized Products do not infringe the Asserted Copyright. Such willful infringement, undertaken without regard to Plaintiff's copyright rights, constitutes egregious and wanton conduct sufficient to establish willful infringement within the meaning of 17 U.S.C. § 504.

33.    As a result of Defendants' infringement of Plaintiff's exclusive rights under Title 17 of the U.S. Code, Plaintiff is entitled to recover actual damages and Defendants' profits attributable to the infringement pursuant to 17 U.S.C. § 504.

34.    In addition, the Court may, in its discretion, award Plaintiff the full costs of this action, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

35.    Plaintiff is further entitled to injunctive relief to prevent or restrain further infringement of the Asserted Copyright pursuant to 17 U.S.C. § 502.

**JURY DEMAND**

36.    Plaintiff hereby demands a trial of this action by jury.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. A judgment against Defendants as to infringement of the claims of Asserted Copyright.

2. An order enjoining Defendants, the officers, agents, employees, affiliates, and all persons acting in concert with them from further acts of infringement of the Asserted Copyright, including but not limited to making, using, selling, offering to sell, importing, copying, displaying, or distributing the infringing products or works;

3. An order directing ▮▮▮▮▮ to disable and remove any listings, advertisements, or sales channels operated by Defendants in connection with the infringing products;

4. An order requiring Defendants to file a written report under oath, within ten (10) days of judgment, detailing the manner and form in which Defendants have complied with the injunction;

5. An award of damages adequate to compensate Plaintiff for Defendants' infringement of the Asserted Copyright, including actual damages, a reasonable royalty, and disgorgement of profits attributable to the infringement, in amounts to be proven at trial;

6. An award of statutory damages for willful copyright infringement in an amount up to $150,000 per infringed work, pursuant to 17 U.S.C. § 504(c)(2);

7. An award of Plaintiff's reasonable attorneys' fees and costs pursuant to 17 U.S.C. § 505;

8. An award of pre- and post-judgment interest as permitted by law;

9. Such other and further relief as the Court may deem just and proper.


Dated: December 17, 2025                                    Respectfully submitted

By: /s/__*Marjorie Ouyang*_____
Marjorie Ouyang
Texas Bar No. 314334
**Valley & Summit Law**
One Park Plaza, #600
Irvine, CA 92614