```
                                                          FILED
                                                      February 11, 2026
                                                  CLERK, U.S. DISTRICT COURT
      IN THE UNITED STATES DISTRICT COURT         WESTERN DISTRICT OF TEXAS

       FOR THE WESTERN DISTRICT OF TEXAS        BY: ___Christian Rodriguez___
                                                                    DEPUTY
```

| | |
|---|---|
| Jiahui Li, an Individual, | Case No. 1:25-cv-01948 |
| Plaintiff, | |
| v. | Honorable David A. Ezra |
| The Corporations, Partnerships, and Unincorporated Associations Identified on Schedule "A", | Complaint Filed: December 1, 2025 |
| Defendants. | |

**PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE OF PROCESS**

Plaintiff Jiahui Li ("Plaintiff"), through her counsel, respectfully moves this Court for an order authorizing alternative service of process on Defendants pursuant to Federal Rules of Civil Procedure 4(f)(3). A Memorandum of Law and Declaration of Marjorie Ouyang in Support of the Motion are filed concurrently.

Dated: December 18, 2025                    Respectfully submitted

                                                               By: /s/ *Marjorie Ouyang*
                                                              Marjorie Ouyang
                                                              Texas Bar No. 314334
                                                              Valley & Summit Law
                                                              One Park Plaza, #600
                                                              Irvine, CA 92614

                                                              *Attorney for Plaintiff*
                                                              *Jiahui Li*

# CERTIFICATE OF SERVICE

I hereby certify that on December 18, 2025, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Western District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

Dated: December 18, 2025                                   Respectfully submitted

By: /s/ *Marjorie Ouyang*
Marjorie Ouyang
Texas Bar No. 314334
**Valley & Summit Law**
One Park Plaza, #600
Irvine, CA 92614

*Attorney for Plaintiff*
*Jiahui Li*

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS**

| | |
|---|---|
| Jiahui Li, an Individual, | Case No. 1:25-cv-01948 |
| Plaintiff, | |
| v. | Honorable David A. Ezra |
| The Corporations, Partnerships, and Unincorporated Associations Identified on Schedule "A", | Complaint Filed:  December 1, 2025 |
| Defendants. | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR ELECTRONIC SERVICE OF PROCESS PURSUANT TO FED. R. CIV. P. 4(f)(3)**

**I. INTRODUCTION**

Pursuant to Federal Rule of Civil Procedure 4(f)(3), Plaintiff Jiahui Li ("Plaintiff") respectfully requests this Court's authorization to serve Defendants by electronic means. Specifically, Plaintiff seeks leave to effect service by (1) electronically publishing a link to the Complaint, the Temporary Restraining Order, and other relevant pleadings on a secure website, and/or (2) sending an email containing a link to such website to the email addresses identified during Plaintiff's investigation, including email addresses associated with Defendants' e-commerce storefronts and any email addresses provided by Defendants to third-party service providers.

Plaintiff submits that providing notice via electronic publication and email, together with any notice Defendants receive from third-party service providers, is reasonably calculated under all the circumstances to apprise Defendants of the pendency of this action and afford them an opportunity to present their objections.

1

## II. ELECTRONIC SERVICE IS NECESSARY AND APPROPRIATE IN THIS CASE

Electronic service is appropriate and necessary in this case because off-shore e-commerce store operators offering for sale infringing products typically: (1) provide false, misleading and/or incomplete names and physical address information to conceal their locations and avoid liability for their unlawful conduct; and (2) rely primarily on electronic communications to communicate with their third-party service providers and customers, demonstrating the reliability of this method of communication by which the Defendant may be apprised of the pendency of this action. (Ouyang Decl. ¶¶ 2, 4.) Authorizing service of process solely via e-mail and electronic publication will benefit all parties and the Court by ensuring that Defendants receive prompt notice of this action, thus allowing this action to move forward expeditiously. Absent the ability to serve Defendants in this manner, Plaintiff will almost certainly be left without the ability to pursue a final judgment. (Id. ¶¶ 2, 6.)

## III. DEFENDANTS' PHYSICAL ADDRESSES ARE UNKNOWN OR UNRELIABLE

An investigation of the e-commerce store operating under the Seller Aliases identified in Schedule A to the Complaint shows that few, if any, provide a physical address on the e-commerce store. (Ouyang Decl. ¶ 3.) In most instances, Defendants must provide an email address and physical address to Amazon when registering their account. (Id.) However, unlike an e-mail address, which is typically verified by third-party online marketplace platforms, no verification typically occurs for physical addresses. Since an ecommerce store operator can input any physical address, such addresses are usually false and/or are not where the e-commerce store operator is located. As such, even if a physical address is available, it is not a reliable means for identifying and locating Defendants. (Id.)

In addition, e-commerce store operators must provide a valid e-mail address to customers for completing payment and/or managing their e-commerce stores. Moreover, it is necessary for merchants, such as Defendants, who operate entirely online, to visit their e-commerce store to ensure it is functioning and to communicate with customers electronically. As such, it is far more likely that Defendants can be served electronically than through traditional service of process methods. (Id.)

## IV. LEGAL STANDARD UNDER RULE 4(f)(3)

Federal Rule of Civil Procedure 4(f)(3) authorizes this Court to direct service of process by any means not prohibited by international agreement. The Fifth Circuit has expressly recognized that service by email pursuant to Rule 4(f)(3) is constitutionally permissible where such service is reasonably calculated to provide notice to defendants who conduct business online. *See Nagravision SA v. Gotech Int'l Tech. Ltd.*, 882 F.3d 494, 498–99 (5th Cir. 2018).

In *Nagravision*, the Fifth Circuit rejected the argument that service must first be attempted under the Hague Convention and confirmed that Rule 4(f)(3) "stands independently" as a valid method of service where directed by the court and not prohibited by international agreement. Id. at 498. Courts have found email service particularly appropriate where, as here, defendants operate Internet-based businesses, rely on electronic communications to conduct their operations, and actively monitor email accounts associated with those businesses, making electronic service reasonably calculated to provide actual notice.

## V. SERVICE UNDER RULE 4(f)(3) IS NOT PROHIBITED BY INTERNATIONAL AGREEMENT

To the extent Defendants are located outside the United States, service pursuant to Rule 4(f)(3) is not prohibited by international agreement. The Hague Convention on the Service Abroad

3

of Judicial and Extra-Judicial Documents does not apply where the address of the person to be served is unknown. Here, Defendants operate under aliases and have failed to provide reliable or verifiable physical address information.

Moreover, courts have consistently held that the Hague Convention does not displace Rule 4(f)(3), and that a plaintiff is not required to attempt service through the Hague Convention before seeking court-authorized alternative service. Accordingly, service by electronic means is appropriate in this case.

The proposed method of service—by email and/or electronic publication—is reasonably calculated under all the circumstances to apprise Defendants of the pendency of this action and afford them an opportunity to be heard. Given Defendants' reliance on electronic communications and the unreliability of physical address information, electronic service is the method most likely to provide actual notice.

Authorizing electronic service will prevent evasion, reduce delay, and preserve the status quo while Plaintiff seeks injunctive relief.

## VI. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court authorize service of process on Defendants pursuant to Federal Rule of Civil Procedure 4(f)(3) by electronic means, including service by email and/or electronic publication, and grant such other and further relief as the Court deems just and proper.

Dated: December 18, 2025    Respectfully submitted

By: /s/ *Marjorie Ouyang*
Marjorie Ouyang
Texas Bar No. 314334
Valley & Summit Law
One Park Plaza, #600
Irvine, CA 92614

*Attorney for Plaintiff*
*Jiahui Li*


## CERTIFICATE OF SERVICE

I hereby certify that on December 18, 2025, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Western District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.


Dated: December 18, 2025    Respectfully submitted

By: /s/ *Marjorie Ouyang*
Marjorie Ouyang
Texas Bar No. 314334
**Valley & Summit Law**
One Park Plaza, #600
Irvine, CA 92614

*Attorney for Plaintiff*
*Jiahui Li*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| Jiahui Li, an Individual, | Case No. 1:25-cv-01948 |
| Plaintiff, | |
| v. | Honorable David A. Ezra |
| The Corporations, Partnerships, and Unincorporated Associations Identified on Schedule "A", | Complaint Filed:  December 1, 2025 |
| Defendants. | |

## DECLARATION OF MARJORIE OUYANG

I, Marjorie Ouyang, declare as follows:

1. I am an attorney duly licensed to practice law and am counsel of record for Plaintiff Jiahui Li ("Plaintiff") in this action. I submit this Declaration in support of Plaintiff's Motion for Alternative Service of Process pursuant to Federal Rule of Civil Procedure 4(f)(3). Except as otherwise expressly stated, I have personal knowledge of the facts set forth herein and, if called as a witness, I could and would competently testify thereto.

2. Based on my experience representing plaintiffs in intellectual property infringement actions involving online sellers, offshore e-commerce store operators offering infringing products typically: (1) provide false, misleading, and/or incomplete names and physical address information to conceal their locations and avoid liability for their unlawful conduct; and (2) rely primarily on electronic communications to interact with third-party service providers and customers. In my experience, even where a purported physical address is provided, such information is frequently unreliable or fictitious. By contrast, email has consistently proven to be a reliable mechanism for providing notice to e-commerce store operators in similar cases.

1

3.      I have conducted or supervised an investigation of the e-commerce storefronts operating under the seller aliases identified in Schedule A to the Complaint. That investigation shows that few, if any, of the storefronts provide valid or verifiable physical address information. In most instances, Defendants are required to provide both an email address and a physical address to third-party online marketplace platforms when registering their accounts. However, unlike email addresses—which are typically verified by such platforms—physical addresses are not meaningfully verified. As a result, even where a physical address is listed, it is not a reliable means for identifying or locating Defendants for purposes of service.

4.      In contrast, e-commerce store operators must provide valid email addresses in order to operate their storefronts, manage payments, communicate with customers, and maintain uninterrupted business operations. Merchants such as Defendants, who operate entirely online, necessarily monitor the email accounts associated with their e-commerce activities. Accordingly, it is far more likely that Defendants will receive actual notice of this action through electronic service than through traditional service methods directed to unreliable physical addresses.

5.      I have reviewed the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil and Commercial Matters (the "Hague Convention"), to which the People's Republic of China is a signatory. The Hague Convention does not prohibit service by email. Moreover, pursuant to Article 1 of the Hague Convention, the Convention does not apply where the address of the person to be served is unknown. Based on my investigation, Defendants' physical addresses are unknown or unreliable.

6.      I am informed and believe that authorizing service by electronic means pursuant to Federal Rule of Civil Procedure 4(f)(3) is not prohibited by international agreement and is reasonably calculated to provide Defendants with notice of this action. In circumstances such as

these—where defendants operate online businesses, conceal their physical locations, and rely on electronic communications—court-directed electronic service is appropriate and necessary to ensure that the action can proceed.

    I declare under penalty of perjury that the foregoing is true and correct.

Dated: December 18, 2025            Respectfully submitted

           By: /s/ _Marjorie Ouyang_____
           Marjorie Ouyang
           Texas Bar No. 314334
           Valley & Summit Law
           One Park Plaza, #600
           Irvine, CA 92614

           *Attorney for Plaintiff*
           *Jiahui Li*

**CERTIFICATE OF SERVICE**

      I hereby certify that on December 18, 2025, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Western District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

Dated: December 18, 2025                                                            Respectfully submitted

By: /s/ _Marjorie Ouyang_____
Marjorie Ouyang
Texas Bar No. 314334
**Valley & Summit Law**
One Park Plaza, #600
Irvine, CA 92614

*Attorney for Plaintiff*
*Jiahui Li*