IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| JiahuiLi, an Individual,<br><br>        Plaintiff,<br><br>v.<br><br>THE CORPORATIONS, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS INDENTIFIED ON SCHEDULE A,<br><br>        Defendant. | Case No. 1:25-CV-1948-DAE<br><br>Complaint Filed: 11/30/2025 |

**PLAINTIFF'S *EX PARTE* MOTION TO EXTEND THE TEMPORARY RESTRAINING ORDER**

Plaintiff Jiahui Li ("Plaintiff"), through counsel, respectfully moves for an order extending the Court's Order granting Plaintiff's ex parte application for entry of a Temporary Restraining Order. ECF No. 12.

On February 18, 2026, the Court issued its Order granting Plaintiff's Ex Parte Application for Entry of a Temporary Restraining Order (ECF No. 12) (the "TRO"). The TRO is set to expire on March 4, 2026.

However, we are still awaiting the platform's production of complete responsive data regarding the infringing sales amounts and the account balances of the subject stores.

In light of the impending expiration date, Plaintiff requests a fourteen (14) day extension of the TRO, through March 18, 2026. This extension is necessary so Plaintiff may obtain Defendant's identifying information from Temu in order to complete service and provide Defendant fair notice of any preliminary injunction proceedings.

Rule 45 subpoenas must allow a reasonable time for compliance. Fed. R. Civ. P.

1

45(d)(3)(A). As of this filing, Plaintiff has not received a response from Amazon.

Additionally, prior to a preliminary injunction hearing, Rule 65 requires that the nonmoving party be provided notice and an opportunity to present its opposition. *Williams v. McKeithen*, 939 F.2d 1100, 1105 (5th Cir. 1991). While Rule 65 does not define "notice," the notice requirement "implies a hearing in which the defendant is given a fair opportunity to oppose the application and to prepare for such opposition." Id. (quoting *Granny Goose Foods, Inc. v. Brotherhood of Teamsters and Auto Truck Drivers Local* No. 70, 415 U.S. 423, 434 n. 7 (1974)).

Pursuant to Rule 65, this Court may issue a temporary restraining order for a period of fourteen (14) days, and "for good cause shown," may extend a temporary restraining order for a "like period" of time. Fed. R. Civ. P. 65(b)(2). Good cause exists here. Plaintiff has acted diligently and in good faith to effectuate the TRO, but is presently unable to complete service because Amazon has not yet responded to the subpoena. Even with immediate compliance, Plaintiff would not have sufficient time to obtain identifying information, complete service, and afford Defendant reasonable notice of a preliminary injunction hearing before the TRO expires. A brief extension is therefore necessary and appropriate.

WHEREFORE, Plaintiff respectfully requests that the Court extend the Temporary Restraining Order for fourteen (14) days.

Dated: February 26, 2026

*Marjorie Ouyang*

Respectfully submitted
By: /s/ *Marjorie Ouyang*
One Park Plaza, #600
Irvine, CA 92614
Marjorie.Ouyang@valleysummitlaw.com
*Attorney for Plaintiff*

3

## CERTIFICATE OF SERVICE

      I hereby certify that on February 26, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. Notice of this filing will be provided to any counsel of record through the CM/ECF system. To the extent required, service will also be effected in accordance with the Court's prior Orders.

Dated: February 26, 2026

*Marjorie Ouyang*

Respectfully submitted
By: /s/ *Marjorie Ouyang*
One Park Plaza, #600
Irvine, CA 92614
Marjorie.Ouyang@valleysummitlaw.com
*Attorney for Plaintiff*