# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| Shenzhen Hytd Technology Co., Ltd, et al. <br><br> , <br><br> Plaintiff, <br><br> v. <br><br> The Corporations, Partnerships, And Unincorporated Associations Identified On Schedule A, <br><br> Defendants. | Civil Action No. 1:25-cv-01948-DAE |

## DEFENDANT MAGIMUSE'S STATUS REPORT REGARDING PLAINTIFF'S MISSED DEADLINES AND RESULTING PREJUDICE

Plaintiff failed to file a motion for preliminary injunction within the 28-day period contemplated by the TRO. When multiple defendants moved to dissolve the TRO, the Court convened an emergency hearing on March 18, 2026, to address whether any extension would be warranted.

At that hearing, Plaintiff's counsel expressly committed to the court to file its preliminary injunction motion **that same day**. In reliance on that commitment, the Court extended the TRO through April 15, 2026, and continued the preliminary injunction hearing to that date. Plaintiff did not file any motion for preliminary injunction on March 18. It has not done so since. In light of the clear procedural deficiencies presently before the Court, Defendant Magimuse respectfully requests that the Court reconsider any extension of the TRO and proceed to adjudicate

DEFENDANT MAGIMUSE'S STATUS REPORT REGARDING PLAINTIFF'S MISSED DEADLINES AND RESULTING PREJUDICE CASE NO.:1:25-CV-01948-DAE

1

LAWMAY P.C. 2108 N ST., STE. 9124 SACRAMENTO, CA 95816 TELEPHONE: 213-682-7241

Defendants' pending Motion to Dissolve the TRO (Dkt. 15) without awaiting the April 15 hearing.

## I. PLAINTIFF FAILED TO HONOR ITS EXPRESS ON-THE-RECORD COMMITMENT

At the March 18 hearing, the Court specifically asked whether Plaintiff would file its preliminary injunction motion **that same day** so that the proceedings could move forward in an orderly manner. Plaintiff's counsel **expressly committed on the record** that the motion would be filed on March 18. In reliance on that commitment, the Court agreed to continue the preliminary injunction hearing to April 15 and to extend the TRO through that date, effectively continuing the sales restrictions against Defendants for nearly an additional month.

Despite receiving the benefit of this extension, Plaintiff did not file any preliminary injunction motion on March 18, did not serve any such motion on Defendants, and provided no explanation for its failure to do so.

## II. PLAINTIFF'S BREACH OF ITS DEADLINE COMMITMENT MOOTED DEFENDANTS' MOTION TO DISSOLVE—WHILE DELIVERING AN UNEARNED COMPETITIVE ADVANTAGE

The Court expressly directed Plaintiff to respond to Defendants' Motion to Dissolve TRO (Dkt. 15) by March 18, 2026. Plaintiff's on-the-record commitment to file a preliminary injunction motion on that date had the practical effect of rendering Defendants' Motion to Dissolve moot without requiring Plaintiff to file any substantive response. Plaintiff then failed to fulfill that very commitment.

DEFENDANT MAGIMUSE'S STATUS REPORT
REGARDING PLAINTIFF'S MISSED DEADLINES AND
RESULTING PREJUDICE
CASE NO.:1:25-CV-01948-DAE

2

LAWMAY P.C.
2108 N ST., STE. 9124
SACRAMENTO, CA 95816
TELEPHONE: 213-682-7241

The consequences of this breach were substantial and entirely one-sided. Plaintiff was relieved of its obligation to respond to Defendants' Motion to Dissolve by the Court-ordered deadline. Simultaneously, Plaintiff obtained the benefit of an extended sales prohibition running through April 15, 2026, a period far exceeding what the original TRO contemplated. Plaintiff secured a prolonged competitive advantage against Defendants without filing a single substantive pleading. This manipulation of the Court's deadline procedures, and the asymmetric prejudice it has inflicted on Defendants, is incompatible with the obligations of candor and fair dealing that govern proceedings before this Court.

As a practical matter, Plaintiff has now twice failed to meet its filing obligations: first, by failing to file a preliminary injunction motion within the original 28-day TRO period; and second, by failing to honor the March 18 commitment that served as the basis for the Court's extension. Defendants respectfully submit that no further opportunity to cure is warranted.

## III. DEFENDANTS ARE SUFFERING IRREPARABLE HARM THAT COMPOUNDS WITH EACH PASSING DAY

The forced suspension of Defendants' Amazon listings has severed established customer relationships, degraded listing performance metrics that took years to build, and denied Defendants the opportunity to compete during a critical promotional period. The Federal Circuit has consistently recognized these categories of harm as irreparable and not compensable by monetary damages.

DEFENDANT MAGIMUSE'S STATUS REPORT
REGARDING PLAINTIFF'S MISSED DEADLINES AND
RESULTING PREJUDICE
CASE NO.:1:25-CV-01948-DAE

3

LAWMAY P.C.
2108 N ST., STE. 9124
SACRAMENTO, CA 95816
TELEPHONE: 213-682-7241

*See Celsis In Vitro, Inc. v. CellzDirect, Inc.*, 664 F.3d 922, 930 (Fed. Cir. 2012); *Verizon Serv. Corp. v. Vonage Holdings Corp.*, 503 F.3d 1295, 1310 (Fed. Cir. 2007) (irreparable harm includes lost opportunities to sell other services to lost customers).

This harm is particularly acute at the present time. Amazon's major spring promotional cycle is expected to begin around March 25. The continued suspension of Defendants' listings will cause Defendants to forfeit a critical sales window that cannot realistically be recreated later. Product visibility and discoverability on Amazon depend on sustained sales velocity, customer engagement, and accumulated performance metrics. Once listings are suppressed and sales momentum is interrupted, algorithmic rankings deteriorate rapidly. This type of time-dependent market positioning cannot be restored through increased advertising or later financial investment. The harm is, by its nature, irreversible.

The longer this injunction remains in effect, particularly in the absence of any motion for preliminary injunction from Plaintiff, the more entrenched and irreversible that harm becomes.

## IV. THE FACTUAL RECORD DOES NOT SUPPORT CONTINUATION OF THE TRO, AND DEFENDANTS HAVE SERVED A RULE 11 NOTICE

The evidentiary record compiled by Defendants establishes that Plaintiff and Plaintiff's counsel failed to conduct the pre-filing investigation required before initiating this action. The ownership of the copyright at the center of this case—Registration VA 1-547-746—is not merely disputed; it is contradicted by the very photographs Plaintiff deposited with the Copyright Office to obtain that registration. Those photographs are Magimuse's photographs. Magimuse created them. Magimuse registered them first. Magimuse was selling products under those photographs

DEFENDANT MAGIMUSE'S STATUS REPORT
REGARDING PLAINTIFF'S MISSED DEADLINES AND
RESULTING PREJUDICE
CASE NO.:1:25-CV-01948-DAE

4

LAWMAY P.C.
2108 N ST., STE. 9124
SACRAMENTO, CA 95816
TELEPHONE: 213-682-7241

seven months before Plaintiff filed this Copyright Registration. Defendants have accordingly served a Rule 11 safe harbor notice on Plaintiff and Plaintiff's counsel.

The record does not support the continuation of injunctive relief obtained on the basis of a copyright claim that Plaintiff had no reasonable basis to assert. Plaintiff's likelihood of success on the merits, an essential element for any preliminary injunction, is, on this record, doubtful at best.

## V. CONCLUSION

For the foregoing reasons, Defendant Magimuse reports and respectfully requests that the Court: (1) deny any further extension of the TRO; (2) proceed to hear and adjudicate Defendants' Motion to Dissolve TRO (Dkt. 15) on the schedule established by Dkt. 29, without awaiting the April 15 hearing; and (3) decline to grant Plaintiff any further extension of injunctive relief absent the timely filing of a procedurally proper motion for preliminary injunction.

Date: March 19, 2026

By:  /s/ Hongchang Deng
Hongchang Deng
LawMay P.C.
2108 N St., Ste.9124
Sacramento, CA 95816
M: 267-888-8281
rdeng@lawmayus.com

*Attorney for Defendant Magimuse*

DEFENDANT MAGIMUSE'S STATUS REPORT
REGARDING PLAINTIFF'S MISSED DEADLINES AND
RESULTING PREJUDICE
CASE NO.:1:25-CV-01948-DAE

5

LAWMAY P.C.
2108 N ST., STE. 9124
SACRAMENTO, CA 95816
TELEPHONE: 213-682-7241

**CERTIFICATE OF SERVICE**

I hereby certify that on March 19, 2026, I electronically filed the foregoing DEFENDANT MAGIMUSE'S STATUS REPORT REGARDING PLAINTIFF'S MISSED DEADLINES AND RESULTING PREJUDICE with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record who are registered CM/ECF users.

/s/Hongchang Deng

Hongchang Deng

DEFENDANT MAGIMUSE'S STATUS REPORT
REGARDING PLAINTIFF'S MISSED DEADLINES AND
RESULTING PREJUDICE
CASE NO.:1:25-CV-01948-DAE

6

LAWMAY P.C.
2108 N ST., STE. 9124
SACRAMENTO, CA 95816
TELEPHONE: 213-682-7241