**IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF TEXAS**

Jiahui Li & Individual

                    Plaintiff,

        v.

The Corporations, Partnerships, and
Unincorporated Associations Identified on
Schedule "A",

                    Defendants,

Case No. 1:25-cv-01948

Judge: Hon. David A. Ezra

**DEFENDANTS MOREJMTT-US AND GIPONY'S ANSWER TO PLAINTIFF'S AMENDED
COMPLAINT AND COUNTERCLAIMS AND THIRD-PARTY COMPLAINT**

Defendants MOREJMTT-US and Gipony, (hereinafter "MOREJMTT," and "Gipony,"

respectively and "Defendants" collectively), by and through their undersigned counsel, and hereby

answer Plaintiff's First Amended Complaint [ECF Dkt. No. 7].

### I. INTRODUCTION

1.      Plaintiff brings this action against the Defendants for the alleged infringement of

Plaintiff's intellectual property rights. These claims arise under infringement of Plaintiff's

registered Copyright (hereinafter, the "Asserted Copyright"). Defendants operate an e-commerce

store on Amazon.com and use that store to market, distribute, offer for sale, and sell infringing

products that look almost identical to the copyrighted works protected by the Asserted Copyright,

without Plaintiff's authorization. Defendants' conduct constitutes infringement of Plaintiff's

exclusive rights under 17 U.S.C. §§ 501.

**Answer:** Defendants admit the Plaintiff purports to allege a copyright infringement

action against the Defendants under the copyright statute. Defendants deny that they  infringe any

copyright of Plaintiff and deny that Plaintiff is entitled to any relief under the copyright statute.

Defendants deny the allegations in this paragraph of the Amended Complaint because Plaintiff

2

misappropriated Defendants MOREJMTT and Gipony's earlier creations of the salamander toy products as shown in the table below.

| The '172 Registration filed on 08/20/2024 | Publication by MOREJMTT On 08/13/2024 | Publication by Gipony on 08/31/2024 |
|---|---|---|
| | | |

Defendants further deny each remaining allegation in this paragraph.

## II. PARTIES

2.      Plaintiff Jiahui Li is an individual and the sole owner of the Asserted Copyright. Plaintiff is the creator and author of original crochet-based artistic works, consisting of various three-dimensional crocheted characters and plant-inspired figures.

**Answer:** Defendants deny the allegations in this paragraph of the Amended Complaint because Defendants are the original creators of the copyrighted work asserted against them by the Plaintiff.

3.      Plaintiff Li is the owner of the registered copyright in a group of three dimensional artistic works entitled "Crochet Antigonon Leptopus and 9 Other Unpublished Works," registered with the United States Copyright Office under Registration No. VAu 1-547-746, with an effective date of September 6, 2024. The copyrighted works were completed in 2023. A true and correct copy of the copyright registration certificate is attached hereto as Exhibit 1.

**Answer:** Defendants deny the allegations in this paragraph of the Amended Complaint because Defendants are the original creators of the copyrighted work asserted against them by the

Plaintiff.

4.      Defendants are various companies that operate Amazon or other ecommerce storefronts under multiple fictitious names or aliases. Defendants market, offer for sale, and sell products that unlawfully copy, reproduce, or embody Plaintiff's copyrighted works protected by the Asserted Copyright (the "Infringing Products"). Defendants' aliases are identified on Schedule A. The infringing products are further identified by their ASINs and seller IDs on Schedule A.

**Answer:** Defendants deny the allegations in this paragraph of the Amended Complaint because they do not infringe any valid copyright owned by the Plaintiff. Defendants admit that they operated Amazon.com storefronts and deny the remaining allegations of this paragraph.

5.      The true names, identities, and addresses of Defendants are currently unknown and unverifiable due to the nature of their online operations. Certain aliases under which Defendants operate their e-commerce stores are not linked or associated with the true names of the Defendants. The reason why these Aliases are not connected with the true names of the Defendants is that the Defendants employed such tactics to conceal their identities and the true scope of their operation. Plaintiff pleads with the Court that further discovery is allowed for Plaintiff to obtain such information regarding Defendants' true identities. Once Plaintiff obtains such information, Plaintiff will amend the Complaint accordingly.

**Answer:** Defendants deny the allegations in this paragraph of the Amended Complaint because Defendants have appeared in this case to litigate this case with counterclaims against Plaintiff.

6.      Defendants conduct their illegal operations through fully interactive commercial storefronts hosted on e-commerce platforms, including Amazon.com (hereinafter, the "Infringing Storefronts"). Defendants target consumers in the United States, including the State of Texas, and

4

have offered to sell and, on information and belief, has sold and continues to sell Infringing

Products to consumers within the United States, including the State of Texas. Defendants have

the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b).

**Answer:**  Defendants admit they have the capacity to be sued under F.R.C.P. 17(b).

Defendants deny the remaining allegations in this paragraph.

### III. NATURE OF THE ACTION

7.      This is a civil action for copyright infringement under the laws of the

United States, 17 U.S.C. § 501 *et seq.*

**Answer:** Defendants admit the allegations in this paragraph of the Amended Complaint.

### IV. JURISDICTION AND VENUE

8.      This Court has original subject matter jurisdiction over the claims in this action

pursuant to the provisions of the 28 U.S.C. §§1331 and 1338(a).

**Answer:** Defendants admit the allegations of this paragraph.

9.      Venue is proper in this District under 28 U.S.C. §§ 1391(b) and 1400(a)

because a substantial part of the events giving rise to the claims occurred in this District.

Defendants operate fully interactive Amazon storefronts that target consumers in Texas,

including the Western District of Texas, and have offered to sell—and on information

and belief, have sold—infringing products to residents of this District.

**Answer:** Defendants stipulate, solely for purposes of this litigation, that venue is proper.

Defendants deny the remaining allegations of this paragraph. Defendants lack knowledge or

information sufficient to form a belief as to the truth of any allegations in this paragraph that

relate to other Defendants and therefore deny those allegations.

### V. GENERAL FACTS

10.      In 2024, Plaintiff applied for a copyright registration for a group of 3-dimensional

5

artworks. Plaintiff independently conceived, designed, and created the copyrighted works, reflecting original artistic expression embodied in the three-dimensional crochet artwork. Plaintiff invested substantial time, effort, and resources in developing the creative designs and visual expression reflected in the copyrighted works. Defendants' infringing conduct has caused significant harm to Plaintiff.

**Answer:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of Plaintiff applying for a copyright registration and therefore deny those allegations. Defendants deny the remaining allegations in this paragraph.

11.    Plaintiff is the owner of all rights, title, and interest in and to U.S. Copyright Registration No. VAu 1--547-746, entitled "Crochet Antigonon Leptopus and 9 Other Unpublished Works". The Copyright was duly filed and registered in 2024 with the United States Copyright Office, with an effective date of September 06, 2024. The Asserted Copyright is valid, subsisting, and enforceable, and protects the original artistic expression embodied in Plaintiff's design of the patterns of the crochet dolls.

**Answer:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of Plaintiff's alleged copyrights and therefore deny those allegations. Defendants deny that the asserted copyright is valid because Plaintiff misappropriated Defendants' intellectual property and designs as its own copyrighted works and therefore the asserted copyright is invalid.

12.    Since that time, Plaintiff has continuously used the Asserted Copyright in connection with related products. Plaintiff owns and uses the design as part of its copyrighted works and has consistently asserted its rights in this design since the registration date.

**Answer:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny those allegations.

6

13.    Plaintiff has distributed and sold crochet products bearing the design in commerce in the United States for several years, and has established a reputation associated with the copyright and its products.

**Answer:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny those allegations.

14.    The average rating of Plaintiff's Product is not less than 4.7 out of 5, demonstrating its popularity in the marketplace and the high level of customer satisfaction.

**Answer:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny those allegations.

15.    As a result of Plaintiff's use, promotion, and marketing of its products, featuring the unique design, together with substantial sales of those products, Plaintiff has established considerable goodwill in its copyrighted work, which serves as a valuable and recognizable source identifier for Plaintiff's products.

**Answer:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny those allegations.

16.    Plaintiff is engaged in the business of marketing, distributing, and selling its products throughout the world, including within the Western District of Texas.

**Answer:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny those allegations.

17.    Recently, Plaintiff discovered that Defendants were and are still operating a fully interactive and active e-commerce storefront on Amazon, through which it was promoting, advertising, marketing, distributing, offering for sale, and selling products using Plaintiff's Asserted Copyright without authorization.

**Answer:**  Defendants deny using any valid copyright of Plaintiff. Defendants lack

knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny those allegations.

18.    The Asserted Copyright has never been assigned or licensed to the Defendants in this matter.

**Answer:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny those allegations.

19.    Defendants have had full knowledge of Plaintiff's ownership of the Asserted Copyright, including its exclusive right to use and license such intellectual property.

**Answer:** Defendants deny the allegations in this paragraph.

20.    Defendants have targeted sales to Texas residents by setting up and operating an e-commerce storefront on Amazon that targets United States consumers, offers shipping to the United States, including Texas, accepts payment in U.S. dollars and funds from U.S. bank accounts, and, on information and belief, has sold Infringing Products to residents of Texas.

**Answer:** Defendants deny they have sold any infringing products to residents of Texas. Defendants admit they have e-commerce stores on Amazon.com that sell and ship products nationwide.  Defendants deny the remaining allegations in this paragraph.

21.    Defendants knowingly and willfully import, distribute, offer for sale, and sell Infringing Products through its Amazon storefront. Without any authorization or license from Plaintiff, Defendants have knowingly and willfully offered for sale, sold, and imported into the United States for resale or use the same product that directly and indirectly infringes Plaintiff's Asserted Copyright. Defendants' Amazon storefront offers shipping to the United States, including Texas

**Answer:** Defendants deny the allegations in this paragraph of the Amended Complaint.

22.    Defendants' Infringing Products are substantially similar to Plaintiff's copyrighted

work, and the unauthorized copying is apparent.

**Answer:**  Defendants deny the allegations in this paragraph as far as Defendants products infringe any valid copyright of Plaintiff. Defendants admit that the salamander toy product is substantially identical to Plaintiff's copyright registration claim because Plaintiff misappropriated Defendants product design and photograph of the product to file a fraudulent application for copyright registration.

23.     Without Plaintiff's authorization, Defendants have copied, reproduced, and publicly displayed designs that are substantially similar to Plaintiff's original design. These designs appear on the products sold in Defendants' Amazon storefront and are used in digital images for product marketing and promotion. The copied elements include the original plant patterns, the knit box designs, and the distinctive visual composition, styling, and arrangement depicted in Plaintiff's copyrighted images. The visual similarities between Defendants' product design (both the 2-D plant patterns and the 3-D knit box and the completed 3-D knitted dolls) and Plaintiff's copyrighted work indicate direct copying rather than independent creation.

**Answer:** Defendants deny the allegations in this paragraph of the Amended Complaint. Plaintiff copied Defendants' creations and photographs of Defendants' products.

24.     Defendants' sales of infringing copies of Plaintiff's copyrighted work violate Plaintiff's intellectual property rights and are causing irreparable harm to Plaintiff.

**Answer:** Defendants deny the allegations in this paragraph of the Amended Complaint.

25.     Defendants' infringing conduct is willful and intentional, undertaken with knowledge of Plaintiff's rights, and has caused Plaintiff to suffer irreparable harm.

**Answer:** Defendants deny the allegations in this paragraph of the Amended Complaint.

## COUNT I
## DIRECT COPYRIGHT INFRINGEMENT
### (17 U.S.C. § 501 et seq.)

26.     Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

**Answer:** Defendants hereby incorporate their answers to the proceeding paragraphs by reference.

27. The Crochet Antigonon Leptopus and Other Unpublished Works design is the original and creative work in which Plaintiff owns a valid copyright duly registered with the United States Copyright Office.

**Answer:** Defendants deny the allegations in this paragraph of the Amended Complaint.

28.     Plaintiff Li is the owner of the Asserted Copyright. The registered works include original three-dimensional sculptural authorship embodied in the crochet artwork, including the creative selection, coordination, and arrangement of shapes, stitches, colors, and crochet textures. The Asserted Copyright is valid and enforceable. Plaintiff has not granted Defendants any license or authorization to copy, reproduce, distribute, or publicly display any of the copyrighted works registered under the Asserted Copyright.

**Answer:** Defendants deny the allegations in this paragraph of the Amended Complaint.

29.     Without Plaintiff's permission or authorization, and in willful violation of Plaintiff's exclusive rights under 17 U.S.C. § 106, Defendants have unlawfully copied, distributed, reproduced, and publicly displayed visual designs that are substantially similar to Plaintiff's registered works, thereby violating one of Plaintiff's exclusive rights in its copyright.

**Answer:** Defendants deny the allegations in this paragraph of the Amended Complaint.

30.     The infringing designs appear on products that unlawfully incorporate ornamental elements copied from Plaintiff's copyrighted works and are sold by Defendants through e-

10

commerce storefronts operated by Defendants.

**Answer:** Defendants deny the allegations in this paragraph of the Amended Complaint.

31.     Defendants' conduct constitutes willful copyright infringement pursuant to 17 U.S.C. § 501 *et seq*.

**Answer:** Defendants deny the allegations in this paragraph of the Amended Complaint.

32.     Defendants have willfully and deliberately infringed the Asserted Copyright. Defendants' infringement of the Asserted Copyright is obvious, notorious, purposeful, and carried out in disregard of and with indifference to Plaintiff's rights. Defendants have no good faith basis to claim that the Unauthorized Products do not infringe the Asserted Copyright. Such willful infringement, undertaken without regard to Plaintiff's copyright rights, constitutes egregious and wanton conduct sufficient to establish willful infringement within the meaning of 17 U.S.C. § 504.

**Answer:** Defendants deny the allegations in this paragraph of the Amended Complaint.

33.     As a result of Defendants' infringement of Plaintiff's exclusive rights under Title 17 of the U.S. Code, Plaintiff is entitled to recover actual damages and Defendants' profits attributable to the infringement pursuant to 17 U.S.C. § 504.

**Answer:** Defendants deny the allegations in this paragraph of the Amended Complaint.

34.     In addition, the Court may, in its discretion, award Plaintiff the full costs of this action, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

**Answer:** Defendants admit that the Court has discretion to award costs and attorneys' fees in certain factual circumstances in a lawsuit.  Defendants deny the allegations in this paragraph of the Amended Complaint as far as Plaintiff deserving any award of costs and attorneys' fees.

35.     Plaintiff is further entitled to injunctive relief to prevent or restrain further

11

infringement of the Asserted Copyright pursuant to 17 U.S.C. § 502.

**Answer:** Defendants deny the allegations in this paragraph of the Amended Complaint.

## PRAYER FOR RELIEF

Plaintiff is not entitled to any relief requested in its Amended Complaint.

## DEFENDANTS' AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSES

Plaintiff does not have valid copyrights as asserted against the Defendants because Defendants were the first to create such asserted copyrights.

### SECOND AFFIRMATIVE DEFENSES

Plaintiff failed to show that it did not misappropriate the salamander design from the Defendants.

### THIRD AFFIRMATIVE DEFENSES

Plaintiff failed to show that it created any toy product as Defendants did.

### FOURTH AFFIRMATIVE DEFENSES

Plaintiff's copyright registration is invalid for its fraud against the U.S. Copyright Office.

### FIFTH AFFIRMATIVE DEFENSES

Plaintiff's copyright registration is invalid for its fraud against this Court.

## DEFENDANTS' COUNTERCLAIMS

### PARTIES

1. Counterclaim Plaintiffs are companies incorporated in China and run several online storefronts.

2. Counterclaim Defendant is an individual from China.

### JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of these Counterclaims under,

without limitation, 28 U.S.C. §§1331 and 1338(a).

4. Venue for these counterclaims is proper within this district under at least 28 U.S.C. § 1391, also with the parties' consent or acquiescence.

5. This Court has personal jurisdiction over Counterclaim Defendant because Counterclaim Defendant has submitted herself to the personal jurisdiction of this Court by commencing this action.

**FIRST CONTERCLAIM**

**DECLARATORY JUDGMENT OF INVALIDITY OF THE ASSERTED COPYRIGHT**

6. Defendants incorporate and reallege the allegations of the proceeding paragraphs of the counterclaims.

7. Plaintiff has created and sold the following product:



8. Defendants originally created and copyrighted the asserted copyright as shown in the table below:

| The '172 Registration filed on 08/20/2024 | Publication by MOREJMTT On 08/13/2024 | Publication by Gipony on 08/31/2024 |
|---|---|---|
| | | |

9. Plaintiff copied/misappropriated Defendants' earlier work on or about September 6, 2024 to obtain its copyright registration and then asserted it against its original creators.

10. Plaintiff committed fraud against the Copyright Office by misappropriating Defendants' works for its own copyright registration.

11. Plaintiff further committed fraud against this Court for asserting Defendants' copyrighted toy salamander against the same Defendants.

12. Defendants are entitled to a declaratory judgment that the Plaintiff's asserted copyright is invalid as being misappropriated from the Defendants.

## SECOND COUNTERCLAIM
## TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIP

13. Defendants incorporate and reallege the allegations of the proceeding paragraphs of the counterclaims.

14. Defendants and Plaintiff are direct competitors.  Each party sells various toy products covered by their respective copyrights.

15. Defendants have contracts with Amazon to do business on Amazon through Defendants' seller stores.

16. Plaintiff knew Defendants have been doing business on Amazon through their e-commerce

14

stores under the standard contractual agreement with Amazon.

17. Plaintiff intentionally interfered with Defendants' business relationships with Amazon and expectancy of selling on Amazon by asserting a frivolous legal action against Defendants.

18. These tortious actions led to Amazon freezing Defendants' salamander toy products thereby preventing Defendants from selling.  Plaintiff intentionally harmed Defendants, costing defendants more than $40,000 in sales from February 18, 2026 to March 18, 2026, with daily increase in damages.

19. Plaintiff improperly interfered with Defendants' contract and relationship with Amazon. Plaintiff knew that it had no copyrights to the salamander toy products. Yet, Plaintiff accused Defendants of copyright infringement for selling salamander toys that Defendants originally created.

20. Plaintiff has damaged Defendants, whose contractual relationship and business expectancy with Amazon have been disrupted.  Defendants has lost more than $40,000 in sales and was, and is currently being, irreparably harmed by Plaintiff's intentional acts.

## PRAYER FOR RELIEF

WHEREFORE, Defendants pray for the following relief:

I.      Declaring that Copyright Registration No. VAu 1-547-746 is invalid;

II.     Defendants have not infringed any valid copyrights of Plaintiff;

III.    Ordering the immediate release of Defendants' frozen accounts at Amazon;

IV.     Ordering Plaintiff to pay compensatory damages to Defendants for tortious interference with their business relationship with Amazon;

V.      Awarding Defendants treble damages for Plaintiff's tortious interference;

VI.     Awarding Defendants their costs and reasonable attorneys' fees incurred in defending this action; and

15

VII.     Awarding such other and further relief as the Court deems just and proper.

## **JURY TRIAL DEMAND**

Defendants request a jury trial on all counts triable herein.

Dated: 03/20/2026                                    BY:    /s/Kendal Sheets
                                                                   Kendal Sheets (VSB No. 44537)
                                                                   ksheets@dnlzito.com
                                                                   Tel: 703-489-8937
                                                                   DNL ZITO
                                                                   1250 Connecticut Avenue, NW
                                                                   Ste. 700
                                                                   Washington, DC 20036
                                                                   *Attorneys for Defendants MOREJMTT-*
                                                                   *US, Gipony, and Fortuning's JDS*

## CERTIFICATE OF SERVICE

I hereby certify that on March 20, 2026, a copy of the foregoing document was sent electronically to all counsels of record via ECF system.

/s/Kendal Sheets
BY: Kendal Sheets, Esq.

Dated: 03/18/2026

Email:
Phone:

Attorney for Defendants