**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS**

| | |
|---|---|
| Jiahui Li, an Individual,<br><br>Plaintiff,<br><br>v.<br><br>The Corporations, Partnerships, and Unincorporated Associations Identified on Schedule "A",<br><br><br>Defendants. | Case No. 1:25-cv-01948<br><br><br><br>Honorable David A. Ezra<br><br><br>Complaint Filed:  December 1, 2025 |

**[PROPOSED] PRELIMINARY INJUNCTION ORDER**

Plaintiff Jiahui Li ("Plaintiff") filed a Motion for Preliminary Injunction against Defendants identified on Schedule A (collectively, "Defendants"). After reviewing the Motion, the supporting Memorandum of Law, declarations, and the accompanying record, the Court GRANTS Plaintiff's Motion as follows:

The Court finds that Plaintiff has provided notice to Defendants in accordance with the Temporary Restraining Order previously entered in this action and Federal Rule of Civil Procedure 65(a)(1), and that Defendants have had an opportunity to be heard.

The Court further finds that it has personal jurisdiction over Defendants because Defendants have purposefully directed their business activities toward consumers in the United States, including Texas. Specifically, Plaintiff has demonstrated that Defendants operate interactive e-commerce storefronts through online marketplace platforms, including Amazon, through which they advertise, offer for sale, and sell products to consumers in the United States,

1

including Texas, and provide for shipment of those products into this District. Such conduct establishes sufficient minimum contacts with this forum.

Plaintiff has presented evidence demonstrating that Defendants market, advertise, and sell products incorporating Plaintiff's copyrighted designs through online marketplace listings accessible to consumers in Texas. Such commercial, interactive online storefronts, including those operated through platforms such as Amazon, enable Texas residents to purchase the infringing products directly from Defendants. Plaintiff has further shown that Defendants stand ready, willing, and able to ship the infringing products to customers located in Texas, including within this District.

The Court further finds that the injunctive relief previously granted in the Temporary Restraining Order should remain in place during the pendency of this litigation, and that issuance of this Preliminary Injunction is warranted under Federal Rule of Civil Procedure 65. Based on the evidence submitted in support of the Motion, the supporting Memorandum of Law, the declarations and exhibits, and the record as a whole, the Court finds that Plaintiff has demonstrated a substantial likelihood of success on the merits, that Plaintiff will suffer irreparable harm in the absence of preliminary relief, that the balance of equities weighs in Plaintiff's favor, and that an injunction is in the public interest.

Specifically, Plaintiff has established a prima facie case of copyright infringement because (1) Plaintiff owns valid and enforceable United States copyrights in the designs at issue, including Copyright Registration No. VAu 1-547-746; (2) Defendants are not licensed or otherwise authorized to reproduce, display, distribute, or create derivative works based on those copyrighted works; and (3) Defendants have reproduced, displayed, and used designs that are substantially

similar to Plaintiff's copyrighted works in connection with the advertising, marketing, offering for sale, and sale of their products.

Furthermore, Defendants' continued and unauthorized use of Plaintiff's copyrighted designs is causing, and will continue to cause, irreparable harm to Plaintiff, including diminished goodwill and brand value, damage to Plaintiff's reputation, loss of exclusivity, and loss of future sales. Such harm is ongoing and not readily quantifiable, and therefore cannot be adequately remedied by monetary damages alone.

The Court further finds that the balance of equities weighs in Plaintiff's favor, as Defendants face no legitimate hardship from being required to cease their infringing conduct, while Plaintiff will continue to suffer harm absent injunctive relief. The Court also finds that the public interest is served by entry of this Preliminary Injunction to enforce federal copyright law and protect intellectual property rights.

Accordingly, the Court orders as follows:

1.      Defendants identified on Schedule A (collectively, "Defendants"), and each of their respective officers, affiliates, agents, servants, employees, attorneys, and all other persons or entities acting in concert or participation with any of them who receive actual notice of this Order, are hereby preliminarily enjoined, during the pendency of this action, from:

   a. reproducing, copying, displaying, distributing, creating derivative works from, offering for sale, advertising, marketing, promoting, or selling any products that incorporate, embody, or otherwise reproduce Plaintiff's copyrighted designs, including but not limited to the works covered by U.S. Copyright Registration No. VAu 1-547-746, or any colorable imitations or substantially similar variations thereof (collectively, the "Infringing Products");

3

b. further infringing Plaintiff's copyrights, or otherwise violating any of Plaintiff's exclusive rights under the Copyright Act, 17 U.S.C. § 106, including through any use, reproduction, display, distribution, or creation of derivative works based on Plaintiff's copyrighted designs, whether directly or indirectly;

c. shipping, delivering, holding for sale, transferring, or otherwise moving, storing, distributing, returning, or otherwise disposing of the Infringing Products;

d. using, linking to, transferring, selling, exercising control over, or otherwise operating any online marketplace accounts that are used to sell or offer for sale the Infringing Products;

e. operating or hosting any website or marketplace account on behalf of Defendants that are involved in the distribution, marketing, advertising, offering for sale, or sale of the Infringing Products.

2. Defendants and their respective officers, affiliates, agents, employees, and any third parties receiving actual notice of this Order—including online marketplace platforms and any payment service providers—shall, within five (5) business days of receipt of such notice, provide to Plaintiff expedited discovery including copies of documents and information within their possession, custody, or control relating to:

a. the identity and contact information associated with Defendants and any individuals or entities operating the online marketplace storefronts used by Defendants;

b. any online marketplace accounts owned, operated, or controlled by Defendants;

c. the nature of Defendants' operations and all associated sales and financial information, including identifying information associated with Defendants' financial accounts and sales history related to the infringing products;

4

d.  and any financial accounts owned, operated, or controlled by Defendants used in connection with the sale or offering for sale of the Infringing Products.

3.      Any online marketplace platforms or service providers receiving actual notice of this Order shall, within five (5) business days after receipt of such notice, disable any and all accounts used by Defendants to market, advertise, sell, or offer for sale the Infringing Products.

4.      Any online marketplace platforms used by Defendants to sell or offer to sell the Infringing Products shall, within five (5) business days of receipt of this Order, disable and cease displaying any advertisements or listings associated with Defendants that relate to the Infringing Products.

5.      Any online marketplace platforms shall, within three (3) business days of receipt of this Order, render Defendants' seller accounts untransferable until further order of the Court.

6.      Any payment processors, financial institutions, or marketplace payment systems receiving actual notice of this Order shall, within two (2) business days of receipt of such notice, identify and restrain all funds associated with Defendants' infringing activities, and no such funds shall be transferred or withdrawn without further order of the Court.

7.      The security bond previously posted by Plaintiff shall remain with the Court until final disposition of this case or until this Preliminary Injunction is dissolved or modified.

8.      Plaintiff may provide notice of these proceedings and service of this Order and related documents by electronic means, including email or electronic messaging systems associated with Defendant's online marketplace accounts. Such notice shall constitute notice reasonably calculated under the circumstances to apprise Defendant of this action.

9.      Plaintiff is authorized to serve expedited discovery pursuant to Federal Rules of Civil Procedure 33, 34, and 36 upon Defendants via electronic means, and Defendants shall serve responses within five (5) business days.

10.     Defendants may appear and move to dissolve or modify this Order upon reasonable notice to Plaintiff or on shorter notice as ordered by the Court.


        IT IS SO ORDERED.


Date: _____            _____

                                                   Honorable David A. Ezra
                                                   United States District Judge